United States District Court
Southern District of Texas
**ENTERED**
April 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Fatullayeu Elshad | § | |
| (A# 244-101-934), | § | |
|     *Petitioner*, | § | |
| | § | Civil Action H-26-2045 |
| v. | § | |
| | § | |
| Pam Bondi et al., | § | |
|     *Respondents*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Fatullayeu Elshad, proceeding pro se, filed a petition for writ of habeas corpus on March 13, 2026. ECF No. 1. Petitioner challenges the constitutionality of his continued detention by United States Department of Homeland Security, Immigration and Customs Enforcement.

In an "Advisory" filed on April 7, 2026, counsel for the Government states that the Petitioner had been removed from the United States on March 17, 2026, and that this action is therefore moot. ECF No. 10. The Government also filed a declaration by Deportation Officer Christopher Holmes stating that Petitioner was removed to Azerbaijan on March 17, 2026. ECF No. 10-1. Petitioner has not filed any responsive filing. A search in the U.S. Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov/odls/#/search, on April 16, 2026, returned no results for Petitioner's A-Number. The court concludes that Petitioner has been removed from the United States and is therefore no longer in the government's physical custody.

Although Petitioner was in "custody" for purposes of 28 U.S.C. § 2241 when he filed his petition, his removal renders his petition moot. *See Alvarez Colina v. Gillis*, No. 21-60064, 2022

WL 1001437, at *1 (5th Cir. Apr. 4, 2022) (per curiam). The court therefore recommends that this case be **DISMISSED** without prejudice as **MOOT**.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147-49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed at Houston, Texas, on April 16, 2026.

_____
Peter Bray
United States Magistrate Judge